IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PPG INDUSTRIES, INC. )
(a Pennsylvania corporation), and )
PPG INDUSTRIES OHIO, INC. (a )
Delaware corporation), )
) CIVIL ACTION NO. 08-CV-510-bbc
Plaintiffs, )
)
v. )
)
CUSTOM GLASS PRODUCTS, INC. )
(a Wisconsin corporation), and )
CUSTOM GLASS PRODUCTS OF )
WISCONSIN, INC. (a Wisconsin )
corporation), )
)
Defendants. )

## CONSENT JUDGMENT AND PERMANENT INJUNCTION ORDER

AND NOW, this 5th day of September, 2008, upon consent of Plaintiffs PPG Industries, Inc. and PPG Industries Ohio, Inc. (collectively "PPG"), and Defendants Custom Glass Products, Inc. and Custom Glass Products of Wisconsin, Inc. (collectively "Defendants"), the Court enters this Consent Judgment and Permanent Injunction Order upon the terms recited below:

1. This is an action for trademark infringement, trademark counterfeiting, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 et seq., as well as for fraudulent representations under Wi. St. 100.18, trademark infringement under Wi. St. 132.033, and unfair competition under the common law of Wisconsin. This Court has original jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331,

1332, and 1338. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper under 28 U.S.C. § 1391.

2. For decades PPG has manufactured, promoted, distributed, and sold in the United States, directly and/or through a network of certified distributors, a line of glass products containing a proprietary, energy efficient, solar control, low-e coating under its trademark SOLARBAN.

3. PPG is the sole manufacturer of glass containing the proprietary coating promoted and sold under the trademark SOLARBAN.

4. PPG owns valid and subsisting U.S. trademark registrations for the SOLARBAN mark -- U.S. Trademark Registration Nos. 809,122 and 1,365,612. As a result of PPG's substantially continuous and exclusive use of the SOLARBAN mark, the aforesaid registrations are now incontestable.

5. PPG's federal registrations for SOLARBAN are prima facie evidence of the validity of both the registered mark and the registration of the mark, PPG's ownership of the mark, and PPG's exclusive right to use the mark in commerce; and are constructive notice of PPG's claim of ownership of the registered mark. 15 U.S.C. §§ 1057(b), 1072 and 1115(a).

6. As a result of PPG's extensive promotional efforts, reputation for uncompromising quality, and substantial sales, the trade and purchasing public throughout the United States, including within this district, have come to recognize and

rely upon PPG's SOLARBAN mark to represent and symbolize the tremendous goodwill and business reputation enjoyed by PPG and its glass products.

7. PPG's SOLARBAN mark is distinctive and therefore deserving of a broad scope of protection.

8. Defendants have infringed PPG's SOLARBAN mark and otherwise have unfairly competed with PPG by advertising, distributing, offering to sell and/or selling competing tempered glass using PPG's federally registered SOLARBAN mark and by falsely representing that tempered glass supplied by one or both of them contains PPG's SOLARBAN brand coating when, in fact, it does not.

9. The conduct of Defendants has caused and is likely to continue to cause confusion, mistake, or deception as to the source or origin of their goods; has falsely suggested and is likely to continue to falsely suggest a sponsorship, connection, license or association of their goods by and/or with PPG; has diverted and will likely continue to divert profits from PPG; and has caused and will likely continue to cause irreparable harm to PPG and PPG's SOLARBAN mark, PPG's reputation and goodwill associated with the SOLARBAN mark, and PPG's uncompromising reputation for exceedingly high-quality products. As such, PPG has no adequate remedy at law.

10. Accordingly, upon the consent of PPG and Defendants, it is ORDERED, ADJUDGED, and DECREED as follows:

A. Defendants and each of their parents, subsidiaries, officers, directors, servants, employees, representatives, agents, successors and assigns, and

all others in concert or participation with one or both of them are permanently enjoined from:

  (1) using the SOLARBAN mark, or any word or mark likely to cause confusion therewith, in connection with the sale, offering for sale, distribution, supply, and/or promotion of any glass that does not originate from PPG and contain PPG's SOLARBAN brand coating;

  (2) submitting a quote in connection with any project for which the specifications require the use of glass containing PPG's SOLARBAN brand coating unless, at the time of submitting the quote, Defendants know for certain that they will be supplying glass originating from PPG that contains PPG's SOLARBAN brand coating;

  (3) representing, implying or suggesting that any glass offered and/or sold by one or both of them contains PPG's SOLARBAN brand coating when, in fact, it does not; and

  (4) making reference to PPG, PPG's SOLARBAN brand coating or any other PPG products in any false, unauthorized or misleading manner.

  B. Defendants shall provide to PPG a detailed description of each project for which one or both of them supplied a non-PPG make of glass where PPG's SOLARBAN brand coating was specified, including, but not limited to, the name and location of the project; the name and address of the owner, project manager, architect and glazing contractor; and the name and address of the person or entity to which one or both of them sold glass.

C. For each of the projects for which Defendants supplied a non-PPG make of glass where PPG's SOLARBAN brand coating was specified, Defendants shall contact in writing each person or entity which received glass from one or both of them stating that such glass does not originate from PPG and does not contain PPG's SOLARBAN brand coating, that Defendants are not authorized or sponsored by PPG to provide such glass, and that PPG shall have no responsibility for any liability or damage resulting from the actions or products of Defendants.

D. Defendants shall serve on PPG, within thirty (30) days of this Order, a report in writing and under oath setting forth in detail the manner and form in which they have complied with this Order.

11. No bond is required.

12. Service by mail upon Defendants of a copy of this Consent Judgment and Permanent Injunction Order entered by this Court is deemed sufficient notice and service thereof under Rule 65 of the Federal Rules of Civil Procedure. It is not necessary for Defendants to sign any form of acknowledgement of service.

13. This Consent Judgment and Permanent Injunction Order resolves all claims that were raised in PPG's complaint and constitutes a final judgment on the merits of those claims.

14. The Clerk of Courts is hereby ordered to enter final judgment consistent herewith.

15. This Court retains jurisdiction over the parties for purposes of enforcing this Consent Judgment and Permanent Injunction Order.

CONSENTED TO:

By: _M J Orcutt_ (signature)  Dated: June 19, 2008
Print Name: M J ORCUTT
Title: VP Performance Glazings
PPG Industries, Inc.
PPG Industries Ohio, Inc.

By: _Eric Reeder_ (signature)  Dated: 6-9, 2008
Print Name: ERIC REEDER
Title: President
Custom Glass Products, Inc.
Custom Glass Products of Wisconsin, Inc.

IT IS SO ORDERED

_Barbara B Crabb_ J.  Dated: Sept. 8, 2008
District Judge

JUDGMENT ENTERED this 9TH day of September, 2008.
By: _L. Jensen, Deputy Clerk_
Joel W. Turner, Acting Clerk of Court